IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CR-00034-F-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JEFFERY JEROME CHAPMAN, | ) | |
| Defendant. | ) | |

This matter is before the court on Jeffery Jerome Chapman's Motion for Production [DE-94]. In his motion, Chapman requests a free copy of his sentencing hearing transcript and grand jury transcript.

Title 28, United States Code, Section 753(f) addresses the circumstances under which transcripts may be provided to an indigent defendant at the government's expense. The statute, in pertinent part, provides as follows:

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. § 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C. § 753(f). An indigent defendant may be entitled to transcripts at the government's expense if he has stated a proper ground for relief and the transcripts are indispensable. *United States v. Glass*, 317 F.2d 200, 202-03 (4th Cir. 1963). An indigent defendant is not entitled to transcripts at the government's expense "merely to comb the record in the hope of discovering some flaw." *Id.* at 202.

Chapman notes that he is in the process of filing a motion pursuant to 28 U.S.C. § 2255. The court concludes that this does not sufficiently state a particularized need for his sentencing hearing transcript. The Clerk is DIRECTED to provide Chapman with information on how he might obtain a copy of his sentencing hearing transcript. As for Chapman's request for a copy of his grand jury transcript, this request must be denied based on the well-established policy of maintaining the secrecy of grand jury proceedings. *See United States v. Penrod*, 609 F.2d 1092, 1096 (4th Cir. 1979).

For the foregoing reasons, Chapman's Motion for Production [DE-94] is DENIED.

SO ORDERED.

This, the 1st day of June, 2015.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge