IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CR-34-F-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JEFFERY JEROME CHAPMAN | ) | |

This matter is before the court on Defendant Jeffery Jerome Chapman's letter motion requesting copies [DE-99] and Motion for Production of Statement of Reasons at No Cost to Defendant [DE-100]. For the reasons stated herein, the motions are DENIED.

As to the requested documents, 28 U.S.C. § 753(f) addresses the circumstances under which transcripts or court documents may be provided to an indigent defendant at the government's expense. The statute, in pertinent part, provides as follows:

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. § 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C. § 753(f). An indigent defendant may be entitled to court documents at the government's expense if he has stated a proper ground for relief and the documents are indispensable. *United States v. Glass*, 317 F.2d 200, 202-03 (4th Cir. 1963). An indigent defendant is not entitled to court documents at the government's expense "merely to comb the record in the hope of discovering some flaw." *Id.* at 202.

On August 1, 2011, the defendant pleaded guilty to (1) robbery, in violation of 18 U.S.C. § 1951 and 2; and (2) to using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) and 2. Pursuant to the Plea Agreement, the defendant, knowingly and expressly, waived all rights to appeal conferred by 18 U.S.C. § 3742 including

> any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

In other words, the defendant's right to contest his conviction or sentence may only arise upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known at the time the defendant pleaded guilty. Here, the defendant does not assert that the challenge to his conviction and sentence is based upon ineffective counsel or prosecutorial misconduct nor does he manifests a "particularized need" for the requested court documents. The defendant only states that he is "working on filing a 2255 and these [documents] would be very helpful." Letter of June 1, 2015 [DE-99] at 1.

Because the defendant's request for free copies of court documents does not show a "particularized need," nor a proper ground for relief, his letter motion [DE-99] requesting copies of certain documents on his docket sheet is DENIED without prejudice to renew such request, if appropriate, upon the proper showing.

As to the Motion for Production of Statement of Reasons at No Cost to Defendant [DE-100], the defendant is directed to obtain a copy of the Statement of Reasons from his attorney or his case manager. A copy of the same was sent to the Bureau of Prisons. Therefore, that motion is DENIED.

2

SO ORDERED.

This, the 4 day of June, 2015.

                                                   JAMES C. FOX
                                                   Senior United States District Judge