IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CR-34-F-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JEFFERY JEROME CHAPMAN | ) | |

This matter is before the court on Defendant Jeffery Jerome Chapman's letter motion requesting document copies [DE-114] and Motion to Reconsider Production of Discovery and Jencks Material [DE-113]. For the reasons stated herein, the motions are DENIED.

As the court has previously informed the defendant regarding requested documents, 28 U.S.C. § 753(f) addresses the circumstances under which court documents may be provided to an indigent defendant at the government's expense. The statute, in pertinent part, provides as follows:

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. § 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C. § 753(f). An indigent defendant may be entitled to court documents at the government's expense if he has stated a proper ground for relief and the documents are indispensable. *United States v. Glass*, 317 F.2d 200, 202-03 (4th Cir. 1963). An indigent defendant is not entitled to court documents at the government's expense "merely to comb the

record in the hope of discovering some flaw." *Id.* at 202. Here, the defendant has not stated a need for the documents let alone a particularized need. Because the defendant's request for court documents does not show a basis or that the documents are indispensable, his letter motion [DE-114] requesting copies of certain documents on his docket sheet is DENIED.

As to the Motion to Reconsider Production of Discovery and Jencks Material [DE-113], the defendant was previously informed that he must both file a § 2255 motion and that motion must survive preliminary screening before the court *might* allow discovery. *See* Order of June 18, 2015 [DE-104]. While the defendant has filed a § 2255 motion, that motion has not yet survived preliminary screening. Therefore, the defendant's Motion to Reconsider Production of Discovery and Jencks Material [DE-113] is DENIED as premature. If the § 2255 motion does survive preliminary screening, then the defendant may again raise his motion for discovery.

SO ORDERED.

This, the/0 day of August, 2015.

_James C Fox_
JAMES C. FOX
Senior United States District Judge