IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CR-00034-F-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JEFFERY JEROME CHAPMAN, | ) | |
| Defendant. | ) | |

This matter is before the court on Jeffery Jerome Chapman's Motion for Reduction of Sentence [DE-151]. In his motion, Chapman argues that he is entitled to a reduction in his sentence for the following reasons: (1) he received a sentence far greater than what his codefendant received; and (2) he was given a sentencing enhancement for brandishing a firearm in Count Two, yet he was never charged with brandishing and the jury did not find him guilty of brandishing a firearm. Within fifteen days hereof, the Government is to address Chapman's second argument in light of *Alleyne v. United States*, 133 S. Ct. 2151 (2013).[1]

SO ORDERED.

This, the __19__ day of February, 2016.

James C. Fox
JAMES C. FOX
Senior United States District Judge

---

[1] In *Alleyne*, the Supreme Court concluded that the trial court erred when it imposed a seven-year mandatory sentence on a § 924(c) conviction, on the basis that the jury had not found that the firearm had been brandished. 133 S. Ct. at 2156-58. The Supreme Court held that any fact, other than a prior conviction, that increases the statutory minimum punishment is an element of the offense that must be submitted to the jury and found beyond a reasonable doubt. 133 S. Ct. at 2162-63.