IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CR-00034-F-1
No. 4:15-CV-00128-F

| | |
|---|---|
| JEFFERY JEROME CHAPMAN, )<br>Petitioner )<br> )<br>v. )<br> )<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | ORDER |

Before the court are the following motions:

(1) the Government's Motion to Dismiss [DE-122] Jeffery Jerome Chapman's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-110];
(2) the Government's Motion to Dismiss [DE-158] Chapman's Motion to Reduce Sentence [DE-151]; and
(3) Chapman's Motion to Reconsider Production of Discovery and All Jencks Material [DE-129].

The issues have been fully briefed, and the matters are now ripe for ruling. For the reasons addressed below, the Government's Motions to Dismiss are ALLOWED, Chapman's Motion to Vacate and Motion to Reduce Sentence are DISMISSED, and Chapman's Motion to Reconsider Production of Discovery and All Jencks Material is DENIED.

**I. Factual and Procedural Background**

On April 13, 2011, Chapman was charged in each count of a three-count indictment. *See* Indictment [DE-1]. In Count One, Chapman was charged with a Hobbs Act robbery and aiding and abetting, in violation of 18 U.S.C. §§ 1951 and 2. *See id.* Count Two charged Chapman with using and carrying a firearm during and in relation to a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2. *See id.* In Count Three, Chapman was

charged with possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. *See id.*

At Chapman's arraignment, held on August 1, 2011, he pled guilty to Counts One and Two, pursuant to a plea agreement [DE-36]. It was agreed that Count Three would be dismissed at sentencing. *Id.* at 6.

On December 7, 2011, the court held Chapman's sentencing hearing. Chapman was sentenced to 240 months on Count One and 87 months on Count Two. *See* Judgment [DE-55]. The court ordered that the two terms be served consecutively, producing a total term of 327 months. *See id.*

On December 22, 2011, Chapman filed a Notice of Appeal [DE-61]. On February 1, 2012, Chapman moved to voluntarily dismiss his appeal. The Fourth Circuit Court of Appeals granted Chapman's request for voluntary dismissal on February 3, 2012.

Chapman filed his first *pro se* § 2255 motion [DE-110] on August 4, 2015. In that motion, Chapman raises three grounds for post-conviction relief, each asserted under the theory of ineffective assistance of counsel. In particular, Chapman claims that his attorney provided ineffective assistance of counsel because he: (1) withheld discovery and failed to (a) identify an inconsistency between two law enforcement reports regarding the location of the seized firearm, (b) file the proper motion to suppress, and (c) challenge the indictment; (2) advised him that state prosecutors would not dismiss his pending state charges unless he voluntarily dismissed his federal appeal, even though his Presentence Report showed that the state charges had already been dismissed; and (3) withheld his discovery. The Government filed a Motion to Dismiss [DE-122] on September 21, 2015, arguing that Chapman failed to state a claim upon which relief can

2

be granted.

On February 16, 2016, Chapman filed a Motion for Reduction of Sentence [DE-151]. The court construes this motion as a second § 2255 motion. In this second § 2255 motion, Chapman faults this court for (1) failing to consider the disparity between his sentence and the sentence imposed on his codefendant, Gerald Lee Banks, and (2) imposing a sentence in violation of *Alleyne v. United States*, 133 S. Ct. 2151 (2013). On March 3, 2016, at the direction of the court, the Government responded and filed a Motion to Dismiss [DE-158].

## II. Legal Standards

### A. Rule 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of an action when the court lacks subject matter jurisdiction. When determining whether jurisdiction exists, the district court may consider evidence outside the pleadings without converting the motion to one for summary judgment. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). The burden of proving subject matter jurisdiction is on the party asserting jurisdiction. *Id.* (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).

### B. Rule 12(b)(6)

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the

3

complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'shp*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

### III. Discussion

#### A. First Motion to Vacate

##### 1. Chapman's first Motion to Vacate is time-barred.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal prisoners must file a § 2255 motion within one year of the latest of four triggering events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been

4

discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Chapman implicitly argues that his first § 2255 motion, deemed filed July 29, 2015,[1] is timely under section 2255(f)(4). Chapman became aware of the facts supporting his first and third claims in September of 2013, almost two years prior to July 2015 . Mot. Vacate [DE-110] at 4, 10. The facts supporting the second claim were known to Chapman on February 1, 2012, the date he moved to voluntarily dismiss his appeal.

Equitable tolling does not render Chapman's motion timely. Equitable tolling is available only in "those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). In particular, it is only appropriate where a movant shows (1) he diligently pursued his rights, and (2) some extraordinary circumstance prevented the timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *see United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (providing an otherwise time-barred movant must show (a) extraordinary circumstances, (b) beyond his control or external to his own conduct, (c) that prevented him from making a timely filing).

In this case, Chapman does not allege, nor can the court discern, any basis for equitable tolling. *See, e.g., Lawrence v. Florida,* 549 U.S. 327, 336-37 (2007) (attorney miscalculation of deadline is not sufficient to warrant equitable tolling); *Rouse,* 339 F.3d at 248-50 (same); *Sosa,* 364 F.3d at 512 (ignorance of the law is not a basis for equitable tolling in the case of an

---

[1] A prisoner's habeas petition is deemed filed when he delivers it to prison officials for mailing to the court. *See* Rule 3(d), Rules Governing Section 2255 Proceedings. Chapman dated his signature on his § 2255 motion as July 29, 2015. Mot. Vacate [DE-110] at 18.

5

unrepresented prisoner); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir. 1999) (unfamiliarity with the law due to illiteracy or *pro se* status does not toll the limitations period). Because Chapman is unable to demonstrate both due diligence and "extraordinary circumstances," he is not entitled to equitable tolling of the AEDPA's one-year limitation period.

## B. Second Motion to Vacate

### 1. Chapman's second Motion to Vacate is time-barred.

Chapman's Judgment [DE-55] was entered on December 9, 2011, and he did not file the second § 2255 motion until February 2, 2016.[2] Chapman implicitly argues, however, that his motion is timely under section 2255(f)(3).

Chapman is mistaken. The Supreme Court has not held that *Alleyne* established a new right that is retroactively applicable to cases on collateral review. *See United States v. Stewart,* 540 F. App'x 171, 172 n.1 (4th Cir. 2013); *Simpson v. United States,* 721 F.3d 875, 876 (7th Cir. 2013) (noting that *Alleyne* is an extension of *Apprendi v. New Jersey,* 530 U.S. 466 (2000), and the Justices have decided other rules based on *Apprendi* do not apply retroactively on collateral review, which implies that the Court will not declare *Alleyne* to be retroactive).

In sum, Chapman's second § 2255 motion was not filed within one year of any of the circumstances described in § 2255(f). Consequently, Chapman's motion is time-barred. Moreover, there is no basis for equitable tolling.

### 2. The claims in Chapman's second Motion to Vacate are barred by the waiver in his plea agreement.

Even if Chapman's claims were not time-barred, they are barred by the waiver in his plea

---

[2] Chapman's signature on his second § 2255 motion is dated February 2, 2016. Mot. Reduce Sent. [DE-151] at 2.

6

agreement. Chapman's plea agreement contained a waiver of his right to challenge his conviction or sentence under 28 U.S.C. § 2255, except in limited circumstances. Such a waiver is enforceable if the defendant waives this right knowingly and voluntarily. *See United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). The determination regarding whether a waiver is knowing and voluntary depends "upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused." *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). The truth of sworn statements made during a Rule 11 colloquy is conclusively established, absent extraordinary circumstances. *Lemaster*, 403 F.3d at 221-22.

In this case, Chapman's plea agreement, which he signed and agreed to in open court, contains the following waiver:

> To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

*See* Plea Agreement [DE-36] at 1-2. The court finds that Chapman's waiver was both knowing and voluntary. Moreover, even if it were not, Chapman is foreclosed from raising the issue because he did not raise it on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998) ("[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review.").

7

Chapman's claims that he should have received the same sentence as his codefendant and his sentence violated *Alleyne* do not deal with ineffective assistance of counsel or prosecutorial misconduct not known to him at the time of his guilty plea. Accordingly, pursuant to the waiver in his plea agreement, Chapman has waived the right to pursue these claims.

## C. Motion to Reconsider Production of Discovery and All Jencks Material

Chapman's final motion is a Motion to Reconsider Production of Discovery and All Jencks Material [DE-129]. In his motion, Chapman contends that he needs discovery and Jencks material because his attorney never gave him a complete copy during the prosecution stage. *Id.* at 1. According to Chapman, when he did get a copy from his attorney, it was missing pages. *Id.* at 1-2. Chapman contends that he also needs the discovery and Jencks material so that he can successfully file a motion pursuant to 28 U.S.C. § 2241. *Id.* at 2-3.

Pursuant to Rule 6(a) of the Rules Governing Section 2255 Proceedings, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Unlike the ordinary civil litigant in federal court, a habeas petitioner is not entitled to discovery as a matter of course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). A petitioner bears the burden of showing "good cause" and must "present specific allegations that give the Court reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Fenn v. United States*, Nos. 1:12-CR-510 (JCC), L15-CV-578, 2015 WL 3868583, at *2 (E.D. Va. June 23, 2015) (quoting *Pizzuti v. United States*, 809 F.Supp. 2d 164, 176 (S.D.N.Y. 2011)). The court will not allow a mere fishing expedition through the government's files with the hopes that damaging evidence will be found. *Id.*

8

The court concludes that Chapman has failed to show "good cause" to conduct discovery in this case. If Chapman needs discovery from his criminal case, he should contact his appointed trial counsel, Thomas Reston Wilson. Accordingly, Chapman's Motion to Reconsider Production of Discovery and All Jencks Material [DE-129] is DENIED.

## IV. Conclusion

For the foregoing reasons, the Government's Motions to Dismiss [DE-122, -158] are ALLOWED, Chapman's Motions to Vacate [DE-110, -151] are DISMISSED, and Chapman's Motion to Reconsider Production of Discovery and All Jencks Material [DE-129] is DENIED.

A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). However, when a court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

The court finds that Chapman has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the _11_ day of May, 2016.

James C. Fox
Senior United States District Judge

9