IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:11-CR-34-FL-1
NO. 4:16-CV-128-FL

| | | |
|---|---|---|
| JEFFERY JEROME CHAPMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, (DE 170), which challenges petitioner's judgment of conviction in light of the Supreme Court's rulings in Johnson v. United States, 135 S. Ct. 2551 (2015) and United States v. Davis, 139 S. Ct. 2319 (2019). The matter also is before the court on respondent's motion to dismiss, (DE 203). The issues raised are ripe for ruling. For the reasons that follow, the court grants respondent's motion to dismiss and dismisses petitioner's motion.

**BACKGROUND**

On August 1, 2011, petitioner pleaded guilty to Hobbs Act robbery and aiding and abetting same, in violation of 18 U.S.C. §§ 1951 and 2, and possession of a firearm during and in relation to a crime of violence and aiding and abetting same, in violation of 18 U.S.C. §§ 924(c) and 2. On December 7, 2011, the court sentenced petitioner to 327 months' imprisonment and five years' supervised release. Petitioner voluntarily dismissed his appeal of the court's judgment.

On August 15, 2015, petitioner filed his first motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The court dismissed the motion with prejudice on May 11, 2016.

On June 22, 2016, petitioner filed the instant motion to vacate his conviction and sentence, asserting that his § 924(c) conviction and career offender designation should be vacated in light of Johnson. At respondent's request, the court stayed the § 2255 proceedings pending the United States Court of Appeals for the Fourth Circuit's resolution of United States v. Simms, 914 F.3d 229 (4th Cir. 2019). On July 22, 2019, the court lifted the stay and directed the parties to file supplemental briefing addressing the effect of Simms and Davis on petitioner's motion. On August 21, 2019, petitioner, acting through counsel, filed supplemental brief in support of his motion to vacate. On October 18, 2019, respondent filed the instant motion to dismiss.

## DISCUSSION

A.     Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.     Analysis

Pursuant to 18 U.S.C. § 924(c), a person convicted of possessing a firearm "during and in relation to any crime of violence or drug trafficking crime" is subject to a mandatory minimum five years' imprisonment for the first conviction. 18 U.S.C. § 924(c)(1)(A)(i). The sentence shall run consecutive to any sentence imposed for the predicate crime of violence or drug

trafficking crime. Id. § 924(c)(1)(A). Section 924(c)(3) defines crime of violence as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [the "force clause"], or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the "residual clause"].

Id. § 924(c)(3)(A)-(B).

Davis and Simms held that § 924(c)(3)(B) is unconstitutionally vague, thereby rendering invalid § 924(c) convictions based on the residual clause definition of crime of violence. Davis, 139 S. Ct. at 2336; Simms, 914 F.3d at 237. The Davis and Simms decisions, however, do not call into question the constitutionality of § 924(c)(3)(A). Thus, if petitioner's predicate offense qualifies as a crime of violence under subsection (c)(3)(A) (the force clause), his conviction remains valid. See United States v. Mathis, 932 F.3d 242, 263-64 (4th Cir. 2019).

Petitioner's predicate offense is Hobbs Act robbery in violation of 18 U.S.C. § 1951, and the Fourth Circuit has held that this offense qualifies as a crime of violence under § 924(c)'s force clause. See id. at 265-66 (holding "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)."). Accordingly, petitioner's § 924(c) conviction remains valid, notwithstanding Davis and Simms.

Petitioner also raises a Johnson challenge to his career offender designation. The United States Supreme Court has held that Johnson does not apply to the residual clause in the career offender guideline because "the [advisory] Guidelines are not amenable to a vagueness challenge." See Beckles v. United States, 137 S. Ct. 886, 894 (2017); see also United States v. Brown, 868
3

F.3d 297, 302 (4th Cir. 2017) (noting "Beckles specifically held that Johnson failed to invalidate the advisory Sentencing Guidelines' former definition of crime of violence" (internal quotation omitted)). The Fourth Circuit also has held that "sentencing a defendant pursuant to advisory Guidelines based on a career offender status that is later invalidated does not meet" the "remarkably high bar" necessary to correct a sentencing error under § 2255. United States v. Foote, 784 F.3d 931, 936 (4th Cir. 2015). Because petitioner is challenging his advisory career offender designation under Johnson, this claim also is without merit.[1]

Accordingly, the court will grant respondent's motion to dismiss and dismiss petitioner's motion to vacate for failure to state a claim.

C.  Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

---

[1] To the extent petitioner is arguing that Hobbs Act robbery is not a crime of violence capable of supporting his career offender designation, the argument is foreclosed by Mathis for the reasons discussed above. See U.S.S.G. § 4B1.2(a) (Nov. 2011) (employing definition of crime of violence that is materially identical to the definition found § 924(c)(3)(A)).

4

## CONCLUSION

Based on the foregoing, the court GRANTS respondent's motion to dismiss, (DE 203), and DISMISSES petitioner's motion to vacate, (DE 170). A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 19th day of February, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge